UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONY GOOCH, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:22-cv-00076 |
| JENNIFER CHARLES, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Tony Gooch, an inmate in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee, filed a pro se Complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), and three supplements to his Complaint. (Doc. Nos. 5–7).

The case is before the Court for ruling on Plaintiff's IFP application and initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because Plaintiff's IFP application demonstrates that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 2) will be granted by separate Order.

### II. INITIAL REVIEW

**A. PLRA Screening Standard**

The Court must conduct an initial review and dismiss the Complaint if it is facially

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. In determining whether a Complaint states a claim upon which relief may be granted, the Court will consider whether the claim presents "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B. Allegations and Claims**

For the purpose of initial review only, the Court liberally construes the Complaint and its attachments (Doc. No. 1) together with Plaintiff's amended and supplemental pleadings. (Doc. Nos. 5–7).

2

The Complaint alleges that Plaintiff's constitutional rights were violated when he was "framed" by the State and subjected to retaliatory prosecution. (Doc. No. 1 at 5). Plaintiff claims that he "was falsely arrested and Metro Police officers attempted to cover it up with D.A. Jennifer Charles . . . [and] state judges William Higgins and Steve Dozier," who were caught "deliberately falsifying court dockets" in order to frustrate Plaintiff's ability to appeal or defend himself. (Id.). In addition to the prosecutor and judges, Plaintiff sues eight Metropolitan Nashville Police Department officers, four criminal defense attorneys, and two private investigators, all in their individual capacity. (Id. at 2, 7–9). He seeks unspecified declaratory and injunctive relief, as well as a monetary award of $75 million plus costs. (Id. at 6).

In an attachment to the Complaint, Plaintiff alleges that his arrest and prosecution shows "a pattern of discriminatory enforcement and racial bias designed to inhibit the exercise of [his] federal constitutional rights," and that Defendant Charles "corruptly falsified and fabricated documentary evidence with a hate crime intent to conceal the circumstances surrounding an illegal arrest and illegal traffic stop that occurred on January 8, 2019." (Doc. No. 1-1 at 2). He alleges an "abuse of prosecutorial discretion" in bringing charges "for the purposes of retaliating against [him] for exercising [his] constitutional rights at an unlawful interrogation room." (Id. at 1). Plaintiff further claims that, after he was falsely arrested without probable cause, Defendant Charles conspired with his defense attorneys and investigators to put on fabricated evidence (including "fake text messages" and other false statements that he matched the description of a suspect) and witnesses whose testimony she knew to be false, and that this fraud was perpetuated by Judges Higgins and Dozier when they falsified their docket reports so as to obscure these violations of Plaintiff's rights. (Id. at 4–14). Judge Dozier allegedly deleted from the record notations of delays due to postponed court dates, in an effort to "cover[ ] up the postponement . . .

3

and purposely deny[ ] [Plaintiff] access to the courts" as well as "meaningful appellate review." (Id. at 15). Plaintiff also claims that Judge Dozier "increased [his] bail so high to the point it was excessively set to keep [him] falsely imprisoned." (Id.). He claims that Judge Dozier, along with Charles and defense attorney Nick McGregor, "tricked [him] into coming to a psych ward" in order to "further delay the case" and "make [him] look crazy." (Doc. No. 1-2 at 33–39).

In a filing styled as a "'Prosecution Larceny by Trick' Amended Complaint, 'Larceny by Fraud' Pursuant to Fed. R. Civ. P. 9" (Doc. No. 5), Plaintiff provides further allegations in support of his claim that a fabricated police report was used to justify his arrest and to conceal an unlawful search on January 8, 2019.

In a "Supplemental Pleading" (Doc. No. 6), Plaintiff asserts that the state proceedings against him were "commenced in bad faith for the purposes of retaliating against" him "without any hope of obtaining a valid conviction for aggravated robbery," and that those proceedings are therefore "subject to the bad-faith exception" to the doctrine against federal interference in ongoing state proceedings. (Id. at 1–2). He further asserts that his "state-court criminal case is eligible for removal [to federal court] under 28 USCS § 1443(1)." (Id. at 3). Plaintiff re-filed the first four pages of this pleading as his most recent "Supplemental Pleading." (Doc. No. 7).

## C. Analysis

Plaintiff seeks to recover for violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the

4

Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

Liberally construed, the Complaint asserts multiple claims under Section 1983, including false arrest, fabrication of evidence and knowing use of false testimony, and both retaliatory and malicious prosecution. Plaintiff claims violations of his constitutional rights by state actors who conspired with defense attorneys and investigators to achieve their racially discriminatory goal of winning a conviction that they could not otherwise hope to win. As discussed below, none of these claims are viable at this time.

**1. False Arrest and Retaliatory Prosecution**

Plaintiff claims that he was falsely arrested on January 8, 2019, and that charges were pressed "for the purposes of retaliating against [him] for exercising [his] constitutional rights at an unlawful interrogation room." (Doc. No. 1-1 at 1). A claim "is subject to dismissal without any further proof if 'the allegations . . . show that relief is barred by the applicable statute of limitations.'" Surles v. Andison, 678 F.3d 452, 458 (6th Cir. 2012) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)); see also Lutz v. Chesapeake Appalachia, L.L.C., 717 F.3d 459, 464 (6th Cir. 2013) (citing Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012)) ("[D]ismissal is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred'"). Section 1983 claims borrow "the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007) (citing Kuhnle Bros., Inc. v. Cnty. of Geauga, 103 F.3d 516, 519 (6th Cir. 1997)). Tennessee's statute of limitations for such claims is one year. Jordan v. Blount Cnty., 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)).

5

Here, the limitations period for Plaintiff's false arrest claim started running when he was arrested as described in his pleadings. See Harrison v. Michigan, 722 F.3d 768, 772 (6th Cir. 2013) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)) ("[A] § 1983 cause of action for false arrest accrues at the time of the arrest.") That was on January 8, 2019. (See Doc. No. 1-1 at 2). Plaintiff did not file the Complaint in this case until February 2022. Accordingly, his false arrest claim is untimely by more than two years.

Likewise, the limitations period for a claim of retaliatory prosecution starts to run "once defendants initiate[ ] the prosecution against plaintiff." Rapp v. Putman, 644 F. App'x 621, 625 (6th Cir. 2016). In contrast to a claim for malicious prosecution, which does not become actionable until the prosecution terminates in the plaintiff's favor, a retaliatory-prosecution claim becomes actionable at the time the prosecution is initiated. Id. A prosecution is initiated when adversary proceedings are joined, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Rothgery v. Gillespie Cnty., Tex., 554 U.S. 191, 198 (2008); see id. at 207–08 ("[I]t would defy common sense to say that a criminal prosecution has not commenced against a defendant who, perhaps incarcerated and unable to afford judicially imposed bail, awaits preliminary examination on the authority of a charging document filed by the prosecutor, less typically by the police, and approved by a court of law.") (quoting Grano, Rhode Island v. Innis: A Need to Reconsider the Constitutional Premises Underlying the Law of Confessions, 17 Am.Crim. L.Rev. 1, 31 (1979)). At the very latest, the prosecution following Plaintiff's January 2019 arrest was initiated when the Grand Jury indictment against him was filed in Davidson County Criminal Court, on March 22, 2019. (See Doc. No. 1-3 at 11). Accordingly, Plaintiff's assertion of a retaliatory-prosecution claim in 2022 is untimely.

Plaintiff's false arrest and retaliatory prosecution claims will be dismissed with prejudice.

**2. Fabrication of Evidence, Knowing Use of False Testimony, and Malicious Prosecution**

Plaintiff claims that the pending criminal case against him relies on fabricated documentary evidence and false testimonial evidence contrived to retaliate and racially discriminate against him. However, a Section 1983 plaintiff does not have a "complete and present cause of action" for a fabrication-of-evidence claim until the related "criminal proceedings against him terminated in his favor." McDonough v. Smith, 139 S. Ct. 2149, 2159 (2019); see also id. at 2158 n.7 (stating that a fabrication-of-evidence plaintiff is "not free to sue prior to his acquittal"). The same rule applies to a knowing-use-of-false-testimony claim. See Jordan, 885 F.3d at 415 (quoting Heck v. Humphrey, 512 U.S. 477, 484 (1994)) (explaining that a Brady claim cannot accrue until the relevant criminal proceeding terminates "in favor of the accused"); Brooks v. Tennessee, 626 F.3d 878, 894 (6th Cir. 2010) ("[A] false-testimony claim falls under the *Brady* disclosure doctrine"). This rule "is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." McDonough, 139 S. Ct. at 2156–57 (citations omitted).

It appears that the Davidson County charges relating to Plaintiff's fabrication-of-evidence and knowing use-of-false-testimony claims are still pending a sentencing hearing. Davidson County's online court records reflect that Plaintiff was convicted of two counts of aggravated robbery on March 2, 2022 and is currently set for sentencing on June 6, 2022.[1] Plaintiff cannot "bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing," McDonough, 139 S. Ct. at 2158, nor can he plausibly claim a right to relief unless and until such proceedings terminate in his favor, which to this point they have not. Accordingly,

---

[1]https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2242408%5E5417516%5ECJIS/TONY%5EGOOCH%5E06281992%5E460270/ (last visited May 31, 2022).

7

Plaintiff fails to state a claim based on the State's evidence at this time, and these claims will be dismissed without prejudice.

Regarding the proper time (if any) for Plaintiff to pursue these claims, the Supreme Court has explained as follows: "The proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings." Id. at 2159. In Plaintiff's case, if the relevant Davidson County conviction is ultimately invalidated by being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Heck, 512 U.S. at 486–87, then Plaintiff will have "a complete and present cause of action" for the fabrication-of-evidence and knowing-use-of-false testimony claims asserted here. McDonough, 139 S. Ct. at 2158. Only then may Plaintiff bring those claims in a Section 1983 suit.

As alluded to above, the favorable-termination rule also applies to malicious-prosecution claims under Section 1983. King v. Harwood, 852 F.3d 568, 578–79 (6th Cir. 2017) (finding that "a malicious-prosecution claim is not available before the favorable termination of criminal proceedings, nor does the limitations period for such a claim begin until the favorable termination of criminal proceedings"); see also Robertson v. Lucas, 753 F.3d 606, 616 (6th Cir. 2014) ("To succeed on a Fourth Amendment malicious prosecution claim under § 1983 . . . a plaintiff must prove . . . [that] the criminal proceeding was resolved in the plaintiff's favor." (citation omitted)). Accordingly, this claim will also be dismissed without prejudice.

Finally, even if the claims that Plaintiff's defense attorneys and investigators were in cahoots with the prosecution were otherwise actionable, the allegations against them are not

8

sufficient to support liability under Section 1983. Criminal defense attorneys, whether private practitioners or public defenders, are typically not proper defendants to an action under Section 1983 because they do not act under color of state law when performing "traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Retained or appointed investigators functioning as part of the plaintiff's criminal defense team are also typically not state actors for purposes of Section 1983. See Toliver v. Braddy, No. 420CV00132ALMCAN, 2021 WL 1086176, at *4 (E.D. Tex. Feb. 11, 2021), report and recommendation adopted, No. 4:20-CV-132, 2021 WL 1061386 (E.D. Tex. Mar. 19, 2021) (collecting cases). Although there is an exception to these rules when defense attorneys or investigators conspire with state actors to violate their client's rights, Plaintiff only alleges the existence of such a conspiracy in speculative and conclusory terms. (See Doc. No. 1-1 at 11 (conclusorily asserting conspiracy to commit fraud), 14 ("Are the defense attorneys and the state possibly engaging in a conspiracy to withhold helpful evidence from me?"), 15). Such allegations are not sufficient to support the claims against these Defendants, even if they could be pursued at this time. See Kirk v. Rose, No. 16-CV-799-JPS, 2017 WL 4023137, at *1 (E.D. Wis. Sept. 12, 2017) (finding that "factual allegations do not remotely establish" that non-state-actor defendants "worked together in any way to deprive Plaintiff of his rights," but "offer[ ] only vague assertions of a conspiracy" that fail to "meet even the liberal standard applied at screening") (citing Beaman v. Freesmeyer, 776 F.3d 500, 511 (7th Cir. 2015) (alleged conspiracy can be based on circumstantial evidence but "cannot be speculative")).

### 3. Claims for Pretrial Relief

Any individual-capacity claim against the state judge Defendants is barred by their absolute immunity from liability for their judicial acts, Briscoe v. LaHue, 460 U.S. 325, 334 (1983), and

any official-capacity injunctive claim based on excessive pretrial bail or inordinate delay is now moot in light of Plaintiff's conviction. See Murphy v. Hunt, 455 U.S. 478, 481–82 (1982) (criminal defendant's § 1983 suit challenging his pretrial bail as excessive was moot after he was convicted in the underlying criminal case); see also United States v. Manthey, 92 F. App'x 291, 297 (6th Cir. 2004) (relying on Murphy to dismiss as moot habeas claims alleging use of fabricated evidence to deny pretrial bail); Jones v. Clark, No. 2:05-CV-0701-MEF, 2007 WL 2746651, at *2 (M.D. Ala. Sept. 19, 2007) (citing, e.g., Murphy and finding that conviction mooted any challenge to pretrial custody on speedy trial grounds). Similarly, Plaintiff's assertion that his criminal case is eligible for removal under 28 U.S.C. § 1443(1)—made in a pleading signed in February 2022, just prior to his March 2 conviction (Doc. No. 6 at 3)—cannot be construed as a valid request for injunctive relief against state judicial officers, see 42 U.S.C. § 1983 (stating that injunctive relief against actions or omissions taken in judicial capacity "shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"), nor would it deserve further consideration even if it could be construed as a proper notice of removal, as it was not filed at the proper time or with any showing of cause justifying an eleventh-hour removal. See 28 U.S.C. § 1455(b)(1) ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown . . . leave to file the notice at a later time" may be granted).

### III. CONCLUSION

As explained above, this action will be dismissed for failure to state any viable claim to relief. With respect to Plaintiff's claims of fabrication of evidence, knowing use of false testimony, and malicious prosecution, the dismissal will be without prejudice.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE