# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **TONY GOOCH,**                ) | |
|                  ) | |
|      **Plaintiff,**        ) | |
|                  ) | |
| **v.**                      ) | **NO. 3:22-cv-00076** |
|                  ) | |
| **JENNIFER CHARLES, et al.,**  ) | |
|                  ) | |
|      **Defendants.**      ) | |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION AND BACKGROUND

      Tony Gooch, a state inmate in custody at the South Central Correctional Facility (SCCF) in Clifton, Tennessee,[1] has filed four pro se motions for relief from the Court's judgment dismissing this civil rights action. (Doc. Nos. 11–14). These motions are filed under Federal Rule of Civil Procedure 60(b)(1), (3), (4), and (6), respectively.

      This action was dismissed at initial review because some of its claims were time-barred, some were barred by the immunity of the Defendants, and some were premature because state criminal proceedings against Plaintiff were ongoing. (See Doc. No. 8). In dismissing the premature claims—which were related to use by state officials of what Plaintiff alleges to be fraudulent reports and evidence to justify his arrest and prosecution—the Court relied on longstanding precedent that requires the charge of official misconduct underlying such claims to be pursued and vindicated in state court before a remedy may lie in federal court. (Id. at 7–8 (citing McDonough

---

[1] The Davidson County Sheriff's Office is listed as Plaintiff's address of record in this case. Though he did not file a formal notice that his address changed, his most recent filings indicate that he is now incarcerated at SCCF. The Clerk is **DIRECTED** to update Plaintiff's address of record on the docket of this case to reflect the address listed in his recent filings.

v. Smith, 139 S. Ct. 2149, 2156–59 (2019)). At the time of dismissal, Plaintiff had been convicted of the underlying offenses but was awaiting sentencing in Davidson County Criminal Court. (Id. at 7 & n.1).

The Court takes judicial notice that Plaintiff's criminal case, State of Tennessee v. Tony Lamons Gooch, III, No. M2022-01395-CCA-R3-CD, is now pending before the Tennessee Court of Criminal Appeals, where the record of trial-court proceedings has been filed but briefing has not been completed. https://pch.tncourts.gov/CaseDetails.aspx?id=85556&Number=True (last visited July 6, 2023); see also Doc. Nos. 16–17 (copies of Plaintiff's filings in Tennessee Court of Criminal Appeals). State criminal proceedings against Plaintiff are thus still ongoing. While his motions for post-judgment relief recognize this fact, Plaintiff asks this Court "to super[s]ede" state proceedings because "circumstances exist that render such process ineffective to protect the rights of the plaintiff in State Court." (Doc. No. 11 at 6). The "circumstances" to which Plaintiff refers are those presented in his four Rule 60(b) motions. (See id.).

## II. ANALYSIS OF THE MOTIONS

Rule 60(b) provides, in pertinent part, that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . or misconduct by an opposing party; (4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). While Plaintiff's motions (filed seven months after entry of judgment) are timely, see Fed. R. Civ. P. 60(c)(1) (requiring filing "within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment"), they are without merit, as explained below.

Only the first of Plaintiff's motions (Doc. No. 11, Rule 60(b)(1) Motion) properly invokes Rule 60(b) to challenge this Court's judgment dismissing this action. The remaining three motions

assert various grounds for asking "the Federal court to vacate and set aside the final order of the State judgment" of conviction. (Doc. No. 12 at 1; Doc. No. 13 at 1; Doc. No. 14 at 1). Because Plaintiff's motions for post-judgment relief under Rule 60(b)(3), (4), and (6) (Doc. Nos. 12–14) do not challenge the judgment dismissing this civil rights case but assert arguments in the nature of a collateral challenge to his state conviction, they are procedurally improper and subject to denial on that basis. If, after exhausting all available state remedies, Plaintiff wishes to challenge his confinement by the state in this Court, he must do so by filing a timely habeas corpus petition under 28 U.S.C. § 2254.

Plaintiff's remaining motion asserts two main arguments for post-judgment relief under Rule 60(b)(1), claiming that "[i]t was a substantive mistake of law" for the Court (1) "to conclude that the plaintiff's false arrest and retaliatory prosecution claims accrued at the time of the plaintiff's arrest," and (2) "to issue an order concluding that the plaintiff remain in custody when the plaintiff's detention was initiated without probable cause." (Id. at 3).[2] The Court addresses these arguments in turn.

First, Plaintiff asserts that the Court made a mistake of law in relying on the accrual rule of Wallace v. Kato, 549 U.S. 384 (2007), to find untimely his claims based on his 2019 arrest and the subsequent, retaliatory initiation of the prosecution against him. (See Doc. No. 11 at 8–10). Plaintiff argues that Wallace's holding—"that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is

---

[2] Plaintiff further asserts that the Court made "substantive mistake[s] of law" when it specified that the dismissal was due to failure to state a claim upon which relief may be granted, and when it found that state judges Higgins and Dozier could not be held liable in either their personal or official capacities. (Doc. No. 11 at 3). However, Plaintiff merely states these objections in conclusory fashion, without any supporting explanation or argument. He has thus failed to show any mistake of law justifying relief from judgment on those grounds. See United States v. Hensley, No. CR 5:19-152-DCR, 2023 WL 2026525, at *1 (E.D. Ky. Feb. 15, 2023) (finding that "bald assertion" of grounds for reopening case "is insufficient to justify relief under Rule 60(b)").

followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process," 549 U.S. at 397—was overturned by the Supreme Court in <u>Manuel v. City of Joliet, Ill.</u>, 580 U.S. 357, 363 (2017). But that is not true. In <u>Manuel</u>, the Supreme Court simply held "that the Fourth Amendment governs a claim for unlawful pretrial detention *even beyond* the start of legal process," 580 U.S. at 369 (emphasis added), without answering the question of when such a claim accrues. <u>See id.</u> at 370–73 (noting the accrual issue but "remand[ing] that issue to the court below").The decision in <u>Manuel</u> does not undermine this Court's determination that Plaintiff's statute of limitations for false arrest began to run at the time of his arrest, nor its determination that the statute began to run on Plaintiff's retaliatory prosecution claim when Defendants initiated the prosecution. <u>See</u> <u>Rapp v. Putman</u>, 644 F. App'x 621, 625 (6th Cir. 2016) (finding that <u>Wallace</u>'s "general accrual standard" applies to retaliatory prosecution claim). Plaintiff thus fails to demonstrate mistake under Rule 60(b)(1) in the Court's dismissal with prejudice of these untimely claims.

Second, as to Plaintiff's attempt to win relief from what he describes as this Court's "final order of judgment concluding that the plaintiff remain in custody" (Doc. No. 11 at 12), this argument rests on the claim that the Court was mistaken in refusing to intervene in ongoing state criminal proceedings. Plaintiff reasserts his demand that the Court do so in his motion, in order to vindicate his right to not be held in custody unlawfully. (<u>See id.</u> at 10–13). But there is no merit to Plaintiff's claim that such intervention is authorized, much less required, in his case. "[R]ecognition of the need for a proper balance in the concurrent operation of federal and state courts counsels restraint against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is 'both great and immediate.'" <u>O'Shea v. Littleton</u>, 414 U.S. 488, 499 (1974) (quoting <u>Younger</u>

v. Harris, 401 U.S. 37, 46 (1971)). Plaintiff argues that a miscarriage of justice will result if the Court does not reopen this case, "supersede" his ongoing state appellate proceedings, and "issue an order to immediately release the plaintiff from custody," because in the absence of such intervention he will continue to be unlawfully imprisoned based on a conviction obtained via tainted prosecution. (See Doc. No. 11 at 6, 9, 24). This, again, is fundamentally a habeas claim rather than an assertion of mistake warranting relief from the judgment dismissing this civil rights case. Even such a habeas claim, were it properly before the Court, would be subject to the rule of comity that "dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citations omitted). In any event, the case before the Court was filed under 42 U.S.C. § 1983 and sought monetary and other relief based on claims of fabricated evidence, knowing use of false testimony, and malicious prosecution. Because such relief "is not available before the favorable termination of criminal proceedings," and Plaintiff's criminal proceedings had not (nor have they yet) terminated, the Court was not mistaken in allowing him to remain in custody while dismissing these claims without prejudice for "fail[ure] to state a claim . . . at this time." (Doc. No. 8, Memorandum Opinion, at 7–8 (quoting King v. Harwood, 852 F.3d 568, 578–79 (6th Cir. 2017), and citing, e.g., McDonough, supra)).

### III. CONCLUSION

In sum, Plaintiff has failed to demonstrate entitlement to relief under Rule 60(b). His motions for such relief (Doc. Nos. 11–14) are therefore **DENIED**. Plaintiff's application for leave to proceed as a pauper (Doc. No. 15) is **DENIED** as moot. This case remains closed.

5

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE